UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES E. ROBINSON,<br><br>　　　　　Plaintiff,<br>v.<br>DUNGARVIN NEVADA, LLC,<br><br>　　　　　Defendant. | Case No. 2:16-cv-00902-JAD-PAL<br><br>**ORDER** |

　　　　This matter is before the court on *pro se* Plaintiff James E. Robinson's Amended Complaint (ECF No. 5). On July 6, 2016, the court issued an Order (ECF No. 3) granting Mr. Robinson's Application to Proceed *in Forma Pauperis* (ECF No. 1). Additionally, the court found that his complaint failed to comply with LR IA 10-2, which provides the required format for court filings. *Id*. at 2. The court therefore dismissed the complaint with leave to amend within 30 days. *Id*. The order directed the Clerk of the Court *not* to issue summons because pursuant to 28 U.S.C. § 1915(e), an amended complaint must be screened prior to a responsive pleading. *Id*. at 2, 4 (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc)). Once the court determines that a complaint states a valid claim for relief, the court then directs the clerk of the court to issue summons to the defendants and the plaintiff must then serve the summons and complaint within 120 days. *Id*. (citing Fed. R. Civ. P. 4(m)).

　　　　On August 3, 2016, Mr. Robinson filed his Amended Complaint (ECF No. 5). The Clerk of the Court erroneously issued summons before the Amended Complaint (ECF No. 5) was screened. *See* Summons Issued (ECF Nos. 6, 7). Robinson executed service of process. *See* Summons Returned Executed (ECF No. 8). On November 10, 2016, Defendants Dungarvin Nevada, LLC, Barbara Jordan, and Charlotte McClanahan filed an Answer (ECF No. 9) and Defendants Yolanda Festes and Teneka McQueen filed a Motion to Dismiss (ECF No. 10).

1

Under § 1915(e)(2), a district court may "dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim." *Lopez*, 203 F.3d at 1130 (citing *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989)). This provision was designed to curb the flood of meritless pro se lawsuits, spare the government the expense of serving parties, and save defendants the trouble of answering such complaints. *Id*. *Cf. Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the purpose of § 1915A's pre-answer screening is "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding") (citation omitted). Although early screening conserves judicial resources by reducing the volume of nonmeritorious litigation, post-answer screening does not. As the Defendants have all appeared the court will not screen the Amended Complaint (ECF No. 5). This case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED:** This case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

Dated this 15th day of November, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE