UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMES E. ROBINSON, | Case No. 2:16-cv-00902-JAD-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| DUNGARVIN NEVADA, LLC, | (Mot Compel – ECF No. 48) |
| Defendant. | |

Before the court is Plaintiff James E. Robinson's Motion to Compel Discovery (ECF No. 48). The court has reviewed the motion, and Defendant Dungarvin Nevada, LLC's untimely Response (ECF No. 49).

Defendant opposes the motion because Robinson filed it without first engaging in a meet and confer process as required by Fed. R. Civ. P 37(a)(1) and Local Rule IA 1-3(f). Defendant also argues plaintiff's discovery requests do not comply with the Federal Rules, and that defense counsel has pointed this out to Robinson several times. Defense counsel has requested a meet and confer because plaintiff filed his discovery requests with the court. Finally, defendant claims it has produced all relevant documents in its possession and plaintiff has not explained what documents he expects defendant to produce.

This is an employment discrimination claim. Plaintiff is representing himself. A review of the docket reflects that plaintiff filed what were docketed as a Notice of Production of Documents (ECF No. 33) and Notice of Discovery (ECF No. 34) on February 7, 2017. Defense counsel is correct that discovery requests must be served on opposing counsel rather than filed with the court. *See* LR26-8. However, the docket reflects that defense counsel was served with the discovery requests by the clerk of court. The requests for production ask for eight categories of documents. Plaintiff has also requested answers to ten interrogatories directed to Charlotte

McClanahan and five interrogatories directed to Barbra Jordon. Judge Dorsey dismissed the claims against these individuals in a written order (ECF No. 40) entered March 31, 2017, because Title VII and the ADEA does not allow suits against individuals.

The discovery cutoff is August 8, 2017. Because defense counsel was served with plaintiff's discovery requests, and because it is clear that the interrogatories are intended to obtain discovery about plaintiff's claims from employees of the defendant employer, the court will direct the defendant to serve responses to the document requests (ECF No. 33) and answers to plaintiff's interrogatories (ECF No. 34). The court will construe the interrogatories as directed to the defendant employer. Although a number of plaintiff's interrogatories are not artfully phrased, the court expects the defendant to provide substantive answers to the best of its ability.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery (ECF No. 48) is **DENIED** without prejudice.
2. Defendant shall have until **July 21, 2017**, to serve plaintiff with responses to his requests for production, and answers to interrogatories.

DATED this 3rd day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE